**FILED**
**Oct 03, 2018**
**01:05 PM(CT)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MEMPHIS

| | |
|---|---|
| **ANJANETTE CHAMBERS,** | ) Docket No.: 2017-08-1267 |
| **Employee,** | ) |
| **v.** | ) |
| **MEMPHIS AREA TRANSIT AUTH.,** | ) State File No.: 22577-2017 |
| **Employer,** | ) |
| **and** | ) |
| **PMA MANAGEMENT CORP.,** | ) Judge Allen Phillips |
| **Carrier.** | ) |

---

## EXPEDITED HEARING ORDER DENYING MEDICAL AND TEMPORARY DISABILITY BENEFITS

---

Ms. Chambers requested medical and temporary disability benefits for a back injury that Memphis Area Transit Authority (MATA) claimed did not arise out of her employment. The Court considered the issue at an Expedited Hearing on September 19, 2018, and holds Ms. Chambers did not present sufficient evidence that she likely would prevail at a hearing on the merits. Thus, the Court denies her requests at this time.

### History of Claim

Ms. Chambers is a bus driver for MATA. On March 16, 2017, she claimed a back injury from her bus bouncing. That evening, she sought care on her own at an emergency room.[1] On March 17, she consulted with "Ms. Joann," MATA's workers' compensation representative, who provided a panel. Ms. Chambers said Ms. Joann told her Dr. Bret Sokoloff could see her more quickly than the other physicians on the panel, so she chose him.

Later that day, Ms. Chambers saw Dr. Sokoloff, who recorded the following history: "PT states she was driving the bus and the hydraulics went out in the seat. When

---

[1] No emergency room records were placed into evidence.

1

this happened she hit the bottom of the frame causing her back/legs to hurt. PT has had no treatment." Dr. Sokoloff diagnosed low back pain and noted degenerative changes on x-rays. He recommended a CT scan and an MRI and allowed Ms. Chambers to continue driving.

On March 20, Dr. Sokoloff noted the CT and MRI revealed a herniated disc "with displacement of the S1 nerve root." He recommended an epidural pain block and physical therapy and allowed Ms. Chambers to continue driving. On March 24, she returned to Dr. Sokoloff complaining of increased pain and numbness in her legs. He took her off work and said she still awaited approval for the epidural and therapy.

Sometime in the next few days, MATA presented Dr. Sokoloff a video purportedly taken inside the bus Ms. Chambers drove on March 16. On March 31, he advised MATA that based "on [his] review of [the] films, I cannot identify and [sic] mechanism of injury to validate the claim of back pain." He said the video showed no significant bumps in the roadway, that Ms. Chambers showed no expression of pain, and that the passengers did not appear "jostled." He concluded "[a]s such, I do not believe she has sustained any significant injury from driving [.]" He released Ms. Chambers to full duty, placed her at maximum medical improvement, and assessed no permanent impairment. Additionally, he later replied to MATA's counsel that the incident contributed "0%" in causing her condition. Based on these opinions, MATA denied Ms. Chambers' claim.

Ms. Chambers continued treatment through her personal insurance. Specifically, on April 14, she saw Dr. Philip Green, to whom Dr. Sokoloff had originally referred her, and received the epidural. Then, on June 1, Ms. Chambers began a course of treatment with Dr. David Dowling, an orthopedic surgeon. Dr. Dowling confirmed the herniated disc at the S1 level with radiculitis and mentioned, without elaboration, that her symptoms had "been present since March." He recommended physical therapy and repeat injections, and Ms. Chambers received that care between June and August 2017. Dr. Dowling never documented the March 16 event.

Ms. Chambers testified that MATA never paid her for the time Dr. Sokoloff took her off work. She claimed this spanned two months, and that Ms. Joann told her to remain off work until after Dr. Green's appointment. Ms. Chambers said she returned to work after seeing Dr. Green, and she continues to drive for MATA. She currently sees her personal physician, who she claims said her condition is work-related. However, she offered no medical records to support his assertion. Ms. Chambers said she had not seen the video and questioned whether it accurately portrayed the bus at issue. She requested temporary disability benefits and payment of her out-of-pocket medical expenses not covered by insurance.

2

MATA maintained its denial based on Dr. Sokoloff's opinions and pointed out that Ms. Chambers chose him from a panel. Further, MATA had Ms. Chambers agree that no doctor related her condition to work, and she understood that was the basis for its denial.

## Findings of Fact and Conclusions of Law

Ms. Chambers must come forward with sufficient evidence from which the Court can determine she is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2017). The Court holds she did not.

The Court finds Dr. Sokoloff's opinions are afforded a presumption of correctness, rebuttable by a preponderance of the evidence, because Ms. Chambers chose him from a panel. Tenn. Code Ann. § 50-6-102(14)(E). The first of his opinions was that a video of the incident showed no evidence of an injury. The Court recognizes Ms. Chambers may question the accuracy of the video, but the Court has no countervailing evidence before it at this time. Dr. Sokoloff's second opinion was that the incident did not contribute more than fifty percent in causing Ms. Chamber's condition. *See* Tenn. Code Ann. § 50-6-102(14)(C). Again, Ms. Chambers offered no proof to rebut that opinion.

Ms. Chambers testified succinctly that her back problems are related to the March 16 incident, and the Court finds her sincere in that belief. Further, the Court recognizes her frustration regarding the circumstances surrounding termination of her benefits. However, her evidence is insufficient to prove she likely would prevail at a hearing on the merits of her claim for benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Chamber's request for medical and temporary disability benefits is denied at this time.

2. This matter is set for a Status Hearing on **Monday, December 10, 2018, at 9:30 a.m. Central time. The parties must call 731-422-5263 or toll-free 855-543-5038 to participate in the Hearing.**

**ENTERED** this the 3rd day of October, 2018.

**Judge Allen Phillips**
**Court of Workers' Compensation Claims**

3

## APPENDIX

Exhibits:
1. Medical Records of Dr. Bret Sokoloff
2. Collective Medical Records of Drs. Phillip Green and David Dowling (epidural injections)
3. Medical Records of Dr. David Dowling
4. Employee's Choice of Physician Form (C-42)

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Order Setting Case for Show Cause Hearing
4. Order Granting Additional Time Following Show Cause Hearing
5. Request for Expedited Hearing
6. Motion to Withdraw and supporting affidavit
7. Order Allowing Withdrawal of Counsel and Ordering Expedited Hearing
8. Request for Expedited Hearing

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on this the 3rd day of October, 2018.

| Name | First Class Mail | Email | Service sent to: |
|---|---|---|---|
| Anjanette Chambers, Self-Represented Employee | X | X | Achambers985@gmail.com 2607 Northumber Lane #4 Memphis, TN 38118 |
| Miranda Rhoads, Esq., Attorney for Employer | | X | Miranda@holleyelder.com |

Penny Shrum, Clerk of Court
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**

4